UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATT TIGHE,<br><br>                Plaintiff,<br><br>    v.<br><br>KING COUNTY, SCOTT GARNETT, SARAH GERLITZ,<br><br>                Defendants. | CASE NO. 2:17-cv-01875-BAT<br><br>**ORDER DENYING MOTION TO EXCLUDE JONES DECLARATION AND GRANTING MOTION TO SUBSTITUTE TAYLOR DECLARATION** |

Plaintiff Matt Tighe moves to exclude the declarations of Diane Taylor (Dkt. 51) and Tisha Jones (Dkt. 46), which were filed in support of Defendants' motion for summary judgment (Dkt. 45). Dkt. 53. In response, Defendants ask to substitute the declaration of Jessica Lussier for that of Ms. Taylor, and to deny Plaintiff's motion to exclude the declaration of Tisha Jones. Dkt. 56. For the reasons set forth herein, the Court grants Defendants' requests.

**DISCUSSION**

Rules 26(a)(1)(A) and (e) of the Federal Rules of Civil Procedure require parties, in their initial disclosures, to "identify each individual likely to have discoverable information – along with subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and to supplement their disclosures. Should a party fail to comply with Fed. R. Civ. P. 26(a) or (e) then a party is not allowed to use,

ORDER DENYING MOTION TO EXCLUDE
AND GRANTING MOTION TO SUBSTITUTE - 1

in a motion or at trial, information that was not properly disclosed, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179-1180 (9th Cir. 2008).

Plaintiff contends the testimony of Ms. Taylor and Ms. Jones was not disclosed until after discovery closed and Defendants filed their Motion for Summary Judgment, and that this late disclosure constitutes unfair surprise. Plaintiff argues, *inter alia*, that he was deprived of an opportunity to depose and cross-examine Ms. Taylor (who was previously deposed on other subject matters on November 8, 2018), and his ability to contest that Defendants promptly re-employed him to the Marine Unit in 2014 and to the Metro Unit in 2016, has been compromised. Dkt. 54, Declaration of Matt Crotty, ¶¶ 5, 6.

In response, Defendants move to substitute the declaration of Jessica Lussier for that of Diane Taylor, contending that Ms. Lussier has access to and can testify to the same information. Dkt. 56. Defendants also argue that the late disclosure of Ms. Jones as a witness was justified and harmless.

**<u>Jessica Lussier</u>** – Jessica Lussier is a Human Resources Analyst with the King County Sheriff's Office. She was listed on Defendants' Initial Disclosures, and identified as follows:

> Ms. Lussier is a human resources analyst for King County Sheriff's Office and may testify regarding plaintiff's returns to work following military leave, peace officer certification requirements, rules pertaining to personnel assignments to contract cities, and comparator personnel who have returned from military service.

Dkt. 58, Jacobsen-Watts Declaration, Ex. A. Thus, Plaintiff has been on notice of Ms. Lussier's expected testimony since February 20, 2018. *Id.* Plaintiff contends, however, that the substitution is not appropriate because "Ms. Lussier declares, without reference to any document, that Mr. Tighe was assigned to the Marine Unit on August 13, 2014, which is an unsupported assertion

ORDER DENYING MOTION TO EXCLUDE
AND GRANTING MOTION TO SUBSTITUTE - 2

that contradicts Mr. Tighe's testimony that he was not re-employed to the Marine Unit until October 2014." Further, Plaintiff contends Ms. Lussier's declaration contains a redacted email string of correspondence to which she is not a party. Dkt. 62, p. 4. With regard to this last contention, the Court notes that Ms. Lussier is a KCSO Human Resources employee who would have access to the document in question and that Mr. Tighe communicated directly with Ms. Lussier about his return to work. Dkt. 57, Lussier Decl, Ex. B, p. 6.

Ms. Lussier's statement that Plaintiff was "assigned to the Marine Unit on August 13, 2014" is supported by personnel orders reflecting that Mr. Tighe returned from military leave effective July 2, 2014; as of September 17, 2014 was continuing to receive diver pay; and, as of October 1, 2014 would be transferred from the CID/SOS/Marine Unit to Precinct 2, Unincorporated Patrol. Dkt. 57, Lussier Decl., Ex. B, p. 7 (KC-MT-0063198); Ex. C, p. 3 (KC-MT-0063283). In fact, Plaintiff testified that the whole unit went to patrol and depending on the year, this was standard practice due to funding. Dkt. 64, Second Jacobsen-Watts Dec., Ex. A, 26:4-13, 42:5-24.

There is also other testimony in the record supporting this same contention. Alexander Ehlert, an HR associate of KCSO, testified that after Mr. Tighe completed training in late June and July 2014 and then spent about 10 days at Precinct 3 in Maple Valley, he was assigned to the Marine Unit on August 13, 2014. Dkt. 55, Declaration of Alexander Ehlert, Ex. D (showing effective date of transfer from Precinct 3, unincorporated patrol to the Marine Unit as August 13, 2014). All of the referenced attachments were provided to Plaintiff in discovery and therefore, he cannot claim surprise that Defendants would take the position that he was transferred to the Marine Unit on August 13, 2014.

ORDER DENYING MOTION TO EXCLUDE
AND GRANTING MOTION TO SUBSTITUTE - 3

Pursuant to Fed. R. Civ. P. 56, "if a party fails to properly support an assertion of fact" the court can, in its discretion, "give an opportunity to properly support or address the fact." Defendants request the substitution of the declaration of Ms. Lussier to properly support the facts asserted in Defendants' motion for summary judgment. Because Defendants disclosed Ms. Lussier in initial disclosures (and listed her as having information regarding plaintiff's returns to work following military leave, peace officer certification requirements, rules pertaining to personnel assignments to contract cities, and comparator personnel who have returned from military service), Plaintiff cannot claim surprise or prejudice by the substitution and/or contents of Ms. Lussier's declaration.

**Tisha Jones** – Defendants contend that the late disclosure of Ms. Jones is justified and harmless as the need for her declaration arose only after the deposition of Lance King, whom Plaintiff deposed on November 9, 2018, the discovery cut-off date.[1]

At Mr. King's deposition, counsel for Plaintiff showed Mr. King an undated document not previously produced in discovery, which counsel marked as Exhibit 7. Counsel represented he had printed the document from the Washington Criminal Justice Training Center's (CJTC) website "just the day before yesterday or so." Dkt. 58-3 (King Dep. 50:3-7.2); Dkt. 58, Jacosbsen-Watts Decl., ¶ 7. Mr. King testified that he had visited the website, that the document counsel presented to him was not the same as he had reviewed, and he refused to authenticate Exhibit 7, saying, "I've been to a frequently asked questions page. It doesn't look like this." Dkt. 58-3, 51:2-4. *Compare* excerpts cited at Plaintiff's Dkt. 41, p. 6, ¶¶13,15 (53:8-10; 54:8-22; 56:2-11) with the omitted pages from King's deposition included at Defendants' Dkt. 58-3 (50:1-

---

[1] Plaintiff listed Lance King on its initial disclosures with other witnesses, but gave no specifics other than he was a "witness to and [has] knowledge about the allegations stated in Plaintiff's Complaint." Dkt. 58, Jacobsen-Watts Dec. Ex. B (Plaintiff's Initial Disclosures).

ORDER DENYING MOTION TO EXCLUDE
AND GRANTING MOTION TO SUBSTITUTE - 4

54:25). *See also*, Dkts. 49, Declaration of Lance King, ¶ 7:

> In my deposition, I testified that I had read some of the "frequently asked questions" sections on the Washington State Criminal Justice Training Commission (CJTC) website pertaining to peace officer certification when I was dealing with deputies Tighe's and Martinez's returns from military leave. Mr. Jarrard showed me an exhibit (Exhibit 7), which he represented to be printed from the CJTC's website. I was bothered that Exhibit 7 did not look like what I reviewed in 2014. After the deposition, I checked the FAQ's on CJTC's website and what is currently on the website appears to be the same as what I read there in 2014. Specifically, it states that under RCW 43.101.125, a peace officer's certification lapses automatically when there is a break of more than 24 consecutive months in the officer's service as a full-time law enforcement officer and references conditions of continuing employment under RCW 43.101.095(2). This is the language which I relied upon in my conversation with the ESGR ombuds about Mr. Tighe's return. Unlike Exhibit 7 to my deposition, neither the current FAQ nor the FAQ that I read in 2014 references military personnel or exceptions for lapsed peace officer certificates.

Dkt. 49, King Decl., ¶ 7, Ex. A.

Plaintiff did not allege that RCW 43.101.095(1) contains exemptions for military service in his complaint (Dkt. 1-2), in his answers to discovery requests, and has produce no records to prove such exemptions. Dkt. 58, Jacobsen-Watts Dec., ¶ 5. Thus, before Mr. King's deposition, which was taken on the last day of discovery, Defendants had no way of knowing that Plaintiff would assert that RCW 43.101.095(1) contains exemptions for military service which, on its face, contains no such exemptions. On November 28, 2018, both parties became aware of Tisha Jone's relevant testimony regarding this issue. Dkt. 58, Jacobsen-Watts Dec. ¶ 8, Ex. D.

Tisha Jones is the Peace Officer and Canine Certification Manager for the CJTC. On November 28, 2018, she sent an email to Ms. Jacobsen-Watts and Mr. Jarrad in response to their "similar questions regarding how a lapsed in LE service due to military service affects the requirement of certification, training, and specifically RCW 43.101.095(2)(a)," informing both parties that there is no exception for military service:

ORDER DENYING MOTION TO EXCLUDE
AND GRANTING MOTION TO SUBSTITUTE - 5

> Despite some information on our website that was removed in 2013, CJTC does not interpret Washington law to exempt military service from the 24-month lapse period described in RCW 43.101.125. Notably, that statute does not provide an exemption for military service. The statute exempts breaks in service for other things—such as time lost due to work injury or review of disciplinary action—but not military service. The legislature could have included military service in these exemptions, but chose not to. This makes sense to CJTC because if an officer is not performing police duties for more than two years, the officer's skills and knowledge erode and he/she is in need of training.

She signed her declaration in support of Defendants' Motion for Summary Judgment, which is nearly verbatim from her email, later that day. Dkt. 58, Jacobsen-Watts Dec. ¶ 8, Ex. D.

Plaintiff argues that Defendants knew of Tisha Jones, RCW 43.01, and the impact of that RCW on Mr. Tighe's return to work as early as May 2014 because an email dated March 4, 2014 refers to the CJTC website's requirement that Mr. Tighe participate in the Equivalency Academy and contains a link to an update by Tisha Jones. Dkt. 62, p. 5; Dkt. 57, Lussier Decl., Ex. B, p. 5. At that time, however, Defendants would not have known that Plaintiff's counsel would question Mr. King about Exhibit 7, a document never produced in discovery, which he purportedly took from the CJTC website from "just a day or two" before Mr. King's deposition. Even after Ms. Jones' email on November 28, 2018, informing both parties that there is no exemption for military service, Plaintiff claimed the opposite in his Motion for Summary Judgment filed on November 29, 2018. Dkt. 41, p. 6, ¶ 15 ("The CJTC issued an exemption …stating that the 24 month absence requirement does not apply when a peace officer, like Mr. Tighe, is called to military duty.")

Accordingly, Defendants' late disclosure of Ms. Jones is substantially justified to rebut Plaintiff's "surprise" use of Exhibit 7 and the deposition testimony related to it. *See*, *e.g.*, *Simar Shipping, Ltd. v. Glob. Fishing, Inc.*, 13232485, at *2 (W.D. Wash. Aug. 22, 2011) (late disclosure substantially justified to rebut the "surprise" deposition testimony). Defendants filed

Ms. Jones' declaration shortly after Mr. King's deposition and immediately following Ms. Jones's email to both counsel stating that the information shown to Mr. King had been removed from CJTC's website in 2013. Thus, Ms. Jones's opinion on the CJTC's interpretation of RCW 43.101.095(1) was available to both parties as of November 28, 2018, before either party filed a motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff Matt Tighe's motion to exclude the Declaration of Tisha Jones (Dkt. 46) is **DENIED.**

2. Defendants' motion to substitute (Dkt. 56) is **GRANTED**; the Declaration of Diane Taylor (Dkt. 51) shall be substituted with the Declaration of Jessica Lussier (Dkt. 57).

DATED this 28th day of December, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge